# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LOYDALE KIRVEN,

    Plaintiff,

v.                                                                                Civ. No. 14-209 KG/RHS

TORY SANDOVAL, *et al*,

    Defendant.

## **ORDER DENYING MOTION TO REOPEN**

Before the Court is Plaintiff's Motion to Reopen. (Doc. 13). He seeks relief from the Order and Judgment dismissing his prisoner civil rights action for failure to pay the filing fee.[1] (Docs. 9, 10). The Judgment was entered on April 4, 2014. The Court must therefore analyze the Motion under Fed. R. Civ. P. 60(b). *See Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006). To obtain relief from a four-year-old judgment, the movant typically must show the judgment is void or has been otherwise satisfied. *See* Fed. R. Civ. P. 60(b)(4)-(6), (c)(1). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

The Motion here consists of one handwritten paragraph. (Doc. 13) at 1. Plaintiff asserts he can "prove his claim" and that he should have access to the courts notwithstanding his poverty. *Id.* These arguments do not undermine the validity of the judgment, nor do they warrant extraordinary

---

[1] As the Court previously explained, Plaintiff is not eligible to proceed *in forma pauperis* because he filed at least three other lawsuits that lacked merit. (Doc. 3); *see also* 28 U.S.C. § 1915(g).

intervention. Hence, the Court will deny the Motion. If Plaintiff still wishes to pursue his claims, he must file a new civil rights action and prepay the $400 filing fee.

**IT IS ORDERED**:

1. Plaintiff's Motion to Reopen (Doc. 13) is denied.

2. The Clerk's Office shall send Plaintiff a form Section 1983 complaint.

_____
UNITED STATES DISTRICT JUDGE